## JOSEPH T. BULLOCK

*v.*

## AMOS L. ASHLEY.

PARTNERSHIP—*rule for stating account.* Where cattle were bought by the complainant and defendant as partners or on joint account, with $1100 furnished by the complainant, $1000 of which was money belonging to a prior firm, of complainant, defendant and a third person, and $100 of complainant's own money, and the third person disclaimed being interested in the purchase or the money used, whose answer was found to be true, and it appeared that the cattle had been sold at a profit of $120, a decree on bill for an account against the defendant, who received the entire proceeds, giving him one-third of the $1000 capital, and giving the balance to the complainant, was held proper as adopting the correct basis for stating the account as to the sum invested.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. CHARLES BLANCHARD, for the appellant.

Mr. E. F. BULL, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was filed by complainant against defendant to settle the accounts between them growing out of the purchase and sale of a lot of cattle as partners or on joint account, the profits to be divided equally. It is alleged in the bill, complainant advanced for the use of the firm the sum of $1100, with which the purchase was made, and that the entire proceeds of the sale of the cattle, including a net profit of $120, were received by defendant. It is not denied the proceeds of the sale of the cattle, including all profits, came into the hands of defendant, but defendant denies the existence of any partnership between himself and complainant, and alleges the only partnership relation ever existing between complainant and himself was in connection with Lorin N. Ashley, between whom the profits of the business were to be divided equally. On the hearing the

court directed that Lorin N. Ashley be made a party defend-
ant, which was done by an amendment to the bill.    But Lorin
N. Ashley, by his answer, disclaimed having had any interest
in any dealings, either as partner or on joint account with
complainant and defendant, and the court seems to have found,
by its decree, the answer in that particular was true, and pro-
ceeded to adjust the accounts between complainant and de-
fendant.

The proof shows, complainant and defendant and Lorin N.
Ashley had been partners in the business of buying and selling
hogs, but whether they were partners in the venture in cattle,
out of which this controversy arose, the testimony is very
conflicting.    The court, after hearing the testimony, found
they were not partners as to this transaction, and we are un-
able so say the finding is not warranted by the evidence.    On
that all important fact in the case, the evidence is nearly
equally balanced, and much consideration is due to the finding
of the court before whom the cause was heard.

Conceding the cattle were bought by complainant and de-
fendant as partners, or on joint account, as the court has found,
it only remains to inquire whether the court adopted the
proper basis for adjusting the accounts between them.    Both
parties have assigned errors on this part of the decree.    It is
very clear, from the evidence, that $1000 of the money used in
buying the cattle belonged to the firm composed of complain-
ant, defendant and Lorin N. Ashley, that had been received by
complainant from the sale of a lot of hogs that belonged to
that firm.    Of course one-third of that sum belonged to de-
fendant, and as Lorin N. Ashley disclaimed having any interest
either in the cattle or the money with which they were bought,
the other two-thirds may be treated as belonging to complain-
ant.    In no view that could be taken is defendant entitled to
one-half of the $1000, as he now insists he is.    Nor is there
any reason for allowing complainant for the whole of the
$1000 as so much capital.    It is conceded it was partnership
funds, and as there had been no settlement of the partnership

affairs, it could not be said it was the individual money of complainant. The other $100 used was furnished by complainant out of his own funds. Regarding defendant as being entitled to one-third of the $1000, as he certainly was, and the other two-thirds as belonging to complainant, the basis adopted by the court for adjusting the accounts between the parties was the correct one. With that part of the decree we are entirely satisfied.

On the other branch of the case, about which there is the most contention, as before remarked the evidence is so conflicting we do not feel authorized to disturb the finding of the court upon the question of fact involved.

Perceiving no sufficient grounds for reversing the decree, it must be affirmed.

*Decree affirmed.*